IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JUSTIN D. COLEMAN,            )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )       2:21cv320-MHT
                              )            (WO)
ADRIANNA WILLIAMS, et al.,    )
                              )
     Defendants.              )


JUSTIN D. COLEMAN,            )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )       2:21cv386-MHT
                              )            (WO)
CHRISTOPHER GORDY, et al.,    )
                              )
     Defendants.              )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed these two now-consolidated lawsuits claiming that he had been subjected to excessive force. These lawsuits are now before the court on the recommendation of the United States Magistrate Judge that defendants' special report be construed as a

motion for summary judgment and that the motion for summary judgment be granted.  There are no objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted, with the correction noted below.

The report and recommendation acknowledges that, in his notarized complaint in the member case (*Coleman v. Gordy*, 2:21-cv-386-MHT-SMD), plaintiff claims that "the 3rd Shift Correctional Officers" repeatedly punched and maced him while he was in handcuffs.  *See* Report and Recommendation (Doc. 49) at 2, n. 2.  The report finds this sworn statement insufficient to overcome a motion for summary judgment because plaintiff "fails to name the 3rd Shift Correctional Officers as Defendants and does not allege that any *named* Defendant used excessive force against him while handcuffed."  *See* Report and Recommendation (Doc. 49) at 2, n. 2 (italics added).

On the contrary, plaintiff did attempt to name the "3rd Shift Correctional Officers (who responded to

2

code) on December 22, 2020" as defendants by including this description of the defendants in his case style and in the list of named defendants in his complaint in the member case. *See Coleman v. Gordy*, 2:21-cv-386-MHT-SMD, Complaint (Doc. 1) at 1 and 2. While fictitious-party pleading is generally not allowed in federal court, there is an exception when a plaintiff provides a clear description of the defendant sued that makes the person identifiable but the plaintiff needs discovery in order to determine the defendant's name. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Taylor v. Brooks*, No. 5:20-CV-467, 2020 WL 3129862 (N.D. Ala. June 12, 2020) (Smith, J.). Plaintiff, at least arguably, adequately pleaded his claims against the fictitious defendants who he contends beat him while he was in handcuffs, and with discovery, he could have found out the names of the officers described and served them with the complaint. Indeed, the defendants' response to his complaints eventually did identify at least one of the

3

officers.  However, plaintiff never amended his complaint to name the identified officers as defendants and never served those individuals with a summons and complaint.  As a result, plaintiff's naming of the "3rd Shift Correctional Officers (who responded to code) on December 22, 2020" does not save his claims from summary judgment.

    An appropriate judgment will be entered.

    DONE, this the 30th day of August, 2024.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**